```
              UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
                    WESTERN DIVISION


GRAIN DEALERS MUTUAL                                 PLAINTIFF
INSURANCE COMPANY

VERSUS                         CIVIL ACTION NO. 5:07cv89-DCB-JMR

CHINA KING                                           DEFENDANT
```

## OPINION & ORDER

This matter comes before the Court on the defendant's Motion for Summary Judgment [**docket entry no. 34**]. Having considered the Motion, memoranda in support and opposition thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

### I. BACKGROUND & PROCEDURAL HISTORY

China King, defendant herein, is a restaurant located in a strip mall[1] in Vicksburg, Mississippi. L&L One Hour Photo ("L&L") is a business located in the same facility which is separated from China King by three business areas. A pipe located in the ceiling space above the businesses supplies water to the strip mall's sprinkler system. In the late evening of April 23 or the early morning of April 24, 2004, the common water pipe sprang a leak and flooded L&L's premises. On the date of the incident, L&L had an insurance policy with Grain Dealers Mutual Insurance Company

---

[1] A strip mall is a shopping center comprised of adjoining business spaces which typically have separate doorways providing access from the outside.

("Grain Dealers"), plaintiff herein.  Pursuant to the terms of the insurance policy, Grain Dealers paid L&L for the property damage and economic loss caused by the water.  Grain Dealers is the subrogee of the rights and claims of L&L which pertain to the subject incident.

On March 16, 2007, Grain Dealers filed a lawsuit against China King and Folmar & Associates (the company which owns the strip mall) in the County Court of Warren County, Mississippi.  In its Complaint, Grain Dealers alleges that the defendants negligently caused the malfunction of the water pipe and seeks to recover $91,391.46, which is the total sum it had to pay to L&L under the insurance policy.  (Compl. ¶¶ 7-8.)

On April 27, 2007, Folmar & Associates filed its Notice of Removal [docket entry no. 1] of the case to this Court from the County Court of Warren County, Mississippi.  China King joined in the Notice of Removal on May 1, 2007.  In their Notice of Removal filed pursuant to 28 U.S.C. §§ 1441 and 1446, the defendants properly invoked the Court's diversity of citizenship jurisdiction under 28 U.S.C. § 1332.[2]

On July 12, 2007, the Court entered an Agreed Order of Dismissal [docket entry no. 17] wherein it granted the plaintiff's

---

[2] The plaintiff is regarded as a citizen of Indiana; defendants China King and Folmar & Associates are considered citizens of Mississippi and Alabama, respectively.  The amount in controversy, as evidenced by the plaintiff's demand in its Complaint, is in excess of $75,000.00.  (Not. Remov. ¶¶ I-IV.)

2

ore tenus Motion to Voluntarily Dismiss Folmar & Associates from the action.

On May 9, 2008, China King filed its Motion for Summary Judgment [docket entry no. 34].  Grain Dealers filed a Response [docket entry no. 36] to said Motion on May 21, 2008, which China King countered with its Rebuttal [docket entry no. 38] of May 22, 2008.  China King's Motion for Summary Judgment is now before the Court.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is apposite "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).[3]  The party moving for summary judgment bears the initial responsibility of apprising the district court of the basis for its motion and the parts of the record which indicate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).

"Once the moving party presents the district court with a

---

[3]  "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party." Ginsberg 1985 Real Estate Partnership v. Cadle Co., 39 F.3d 528, 531 (5th Cir. 1994) (internal citations omitted).

3

properly supported summary judgment motion, the burden shifts to the nonmoving party to show that summary judgment is inappropriate." Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998).  "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986).  But the nonmovant must "do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).  Moreover, "[t]he mere existence of a scintilla of evidence" is insufficient to defeat a properly supported motion for summary judgment.  Anderson, 477 U.S. at 252, 106 S. Ct. at 2512. The nonmovant must instead come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  Summary judgment is properly rendered when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp., 477 U.S. at 322, 106 S. Ct. at 2552.

### III. APPLICABLE LAW

As is the situation in this case, a federal court sitting in diversity must apply state substantive law.  Times-Picayune Pub. Corp. v. Zurich Am. Ins. Co., 421 F.3d 328, 334 (5th Cir. 2005)

(citing <u>Erie R.R. Co. v. Tompkins</u>, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938)).  The parties apparently agree that the substantive law of Mississippi controls the issues before the Court.

### IV. ANALYSIS

*A. The Parties' Arguments*

In support of its Motion, the defendant asserts that the plaintiff has failed to come forward with evidence that China King owed or breached a duty to L&L.  (Mot. Summ. J. ¶ 7.)  The defendant admits that it began and completed the installation of a certain ventilation hood on its premises on April 20, 2004 - - - three days before the subject incident - - - but denies that it utilized the sprinkler water pipe in its efforts to lift into place and stabilize the ventilation hood.  (Mot. Summ. J. ¶ 2; Mem. 2.)  China King points the Court to the deposition testimony of Yong Feng Liu, who declared that China King used steel trusses/rafters to install the ventilation hood and indicated that the water line was not put to such a use.  (Mem. 5-6.)  The defendant also relies upon the deposition of Jimmie McNair, the insurance adjuster who investigated the claim on behalf of Grain Dealers.  McNair stated that he did not uncover any evidence which would indicate that China King used the water pipe to raise the ventilation hood or otherwise compromised the integrity of the water line.  (Mem. 6-7.)

China King further posits that Grain Dealers has not produced

any evidence which demonstrates that any of China King's actions proximately caused the water line to leak and the resultant damages to L&L.  (Mot. Summ. J. ¶ 7.) The defendant notes that three days elapsed between the ventilation hood installation and the water pipe incident and argues that the plaintiff has not shown any proof that China King caused the delayed rupture of the pipe.  (Mem. 8.)

In response, the plaintiff asserts that genuine issues of material fact exist which preclude summary judgment for China King. First, Grain Dealers contends that China King, as a business operator in the strip mall, owed a duty of reasonable care to its co-tenant L&L.  (Resp. Mem. 2.)  Second, the plaintiff offers the affidavit of Mike McCoy (the owner/operator of L&L) as evidence that a factual basis exists to establish China King's breach of said duty which a reasonable jury could conclude proximately caused L&L's losses.  (Resp. Mem. 2-3.)  In his affidavit, McCoy swears that he witnessed a person who was assisting with the installation of the ventilation hood on the China King premises standing on the water pipe at approximately 10:30 p.m. on April 23, 2004.  (McCoy Aff. ¶¶ 2-3.)

### B. Application of Law

"The traditional elements of negligence are duty or standard of care, breach of that duty, proximate causation, and damages or injury." Thomas v. Columbia Group, LLC, 969 So. 2d 849, 852 (Miss. 2007).  There is no doubt that as a co-tenant with a water line in

common with L&L, China King had a duty to conduct itself as would a reasonable person in relation to said water line when it installed a ventilation hood on its premises.

As to a deviation from this standard of care, the defendant urges that it had nothing to do with the water line leak and denies that any part of the installation of the ventilation hood took place on April 23, 2004, or that anyone was on the China King premises late that night.  The plaintiff, on the other hand, has produced the sworn statement of L&L's owner/operator Mike McCoy that the installation of the ventilation hood took place on April 23, 2004, and that he observed a person standing on the water line in the restaurant during the installation process.  The Court is of the opinion that, if believed, McCoy's testimony would permit a reasonable jury to conclude that China King breached the applicable standard of care.  Clearly a genuine issue of material fact for the trier of fact is presented by the parties' conflicting positions on this element.

There is no dispute between the parties that L&L suffered damages as a consequence of the water line leak.  The Court is of the opinion that a reasonable jury could find that the aforementioned ostensible breach of the duty of care by China King proximately caused the water line to leak and the damages which L&L incurred. Am. Creosote Works of Louisiana v. Harp, 60 So. 2d 514, 517 (Miss. 1952) ("[W]hen reasonable minds might differ on the

matter, the question of what is the proximate cause of an injury is usually a question for the jury.")  Therefore, another genuine issue of material fact exists which precludes the entry of summary judgment for China King.

## V. CONCLUSION & ORDER

Based upon the foregoing,

**IT IS HEREBY ORDERED** that the defendant's Motion for Summary Judgment [**docket entry no. 34**] is **DENIED.**

**SO ORDERED**, this the 10th day of June 2008.


                                            s/ David Bramlette

                                            **UNITED STATES DISTRICT JUDGE**